AKRON BAR ASSOCIATION *v.* JONES.

[Cite as *Akron Bar Assn. v. Jones,*
98 Ohio St.3d 422, 2003-Ohio-1497.]

(No. 2002–2184—Submitted February 12, 2003—Decided April 9, 2003.)

---

**Per Curiam.**

{¶ 1} Respondent, Shirley Jones, Attorney Registration No. 0030085, whose last known address is in Cuyahoga Falls, Ohio, was admitted to the practice of law in Ohio in 1985. Relator, Akron Bar Association, filed two complaints against respondent, on February 5 and July 12, 2001, respectively, each alleging that she had neglected a different client's case in violation of the Code of Professional Responsibility and that she had failed to cooperate in relator's investigation of this misconduct. Respondent was served with and answered the first complaint, but she did not answer the second, perhaps because she had relocated in the interim unbeknown to relator. Relator thus served the second complaint on the Clerk of the Supreme Court pursuant to Gov.Bar R. V(11)(B).

{¶ 2} The Board of Commissioners on Grievances and Discipline treated the second complaint as an amendment of the first one and scheduled the entire cause for a hearing before an appointed three-member panel. After a prehearing conference in which respondent did not participate despite relator's having sent notice to her at four different possible addresses, the panel chairperson directed

relator to engage an investigator to determine respondent's whereabouts. The investigator discovered respondent's new address, and relator left notice of the hearing at her residence. According to the chairperson, respondent later contacted the chairperson to confirm her new address, and the panel rescheduled the hearing to accommodate her. Notice of the new hearing date was served on respondent at her new address. Notwithstanding these efforts, respondent did not attend the hearing.

{¶ 3} The panel found that in 1999, a client living in California retained respondent to do some legal work in connection with his father-in-law's estate. Respondent and the client spoke about the case by telephone, and the client paid respondent $625 for her services. According to the client, respondent did not complete the requested work, and he asked her to refund his money. Respondent apparently agreed to repay all but $50 of her fees, but she never did.[1] The panel found that respondent had thereby violated DR 6–101(A)(3) (neglect of an entrusted legal matter).

{¶ 4} The panel also found that in 1999, another client retained respondent to settle the estate of her husband. The client paid respondent a $1,000 retainer and $118 in filing fees. To the client's knowledge, respondent did little if anything on the case, and the client eventually had to hire another attorney. The client tried to contact respondent on numerous occasions to obtain her case file and a refund. She left voice mails, sent a certified letter, and finally went to respondent's office. The client was ultimately able to secure her case file, but respondent never refunded the client's money. The panel found that respondent had thereby again violated DR 6–101(A)(3).

{¶ 5} The panel further found respondent in violation of Gov.Bar R. V(4)(G) (failure to cooperate in an investigation of misconduct). During the investigation of these grievances, relator persistently attempted to contact respondent about the events leading to the two complaints and the consolidated hearing. Almost all of these efforts were unsuccessful because respondent ignored relator's telephone calls and certified and regular mailings.

{¶ 6} In recommending a sanction for this misconduct, the panel considered as a mitigating factor the fact that respondent had no prior history of discipline. The panel noted respondent's reference to health and other personal difficulties in her answer to the first complaint, but it also observed that she had not presented any evidence of these problems. As an aggravating factor, the panel considered respondent's nearly complete failure to participate in these proceedings. The panel was also troubled by one client's testimony that respondent had

---

1. Respondent was served with notice of the deposition at which this client provided his testimony for the panel hearing, but she did not attend.

not repaid him any money and the representation in respondent's answer that she had.

{¶ 7} The panel recommended, consistent with relator's suggestion, that respondent be indefinitely suspended from the practice of law. The board adopted the panel's findings of misconduct and recommendation.

{¶ 8} We agree with the board. "Neglect of legal matters and a failure to cooperate in the ensuing disciplinary investigation generally warrant an indefinite suspension from the practice of law in Ohio." *Akron Bar Assn. v. Snyder* (1999), 87 Ohio St.3d 211, 212, 718 N.E.2d 1271. Accordingly, respondent is hereby suspended indefinitely from the practice of law in Ohio. Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

———

Stephen J. Pruneski and James R. Ranftl, for relator.